1

**COHELAN KHOURY & SINGER**
Timothy D. Cohelan (SBN 60827)

2

ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)

3

msinger@ckslaw.com
J. Jason Hill (SBN 179630)

4

jhill@ckslaw.com
605 C Street, Suite 200

5

San Diego, CA 92101

6

Telephone: (619) 595-3001
Facsimile: (619) 595-3000

7

8

Ian Pancer (SBN 246600)
**THE LAW OFFICE OF IAN PANCER**

9

105 West F St. 4th Floor
San Diego, California  92101

10

Telephone:  (619) 955-6644
Facsimile:   (619) 374-7410

11

ian@sandiegolegal.net

12

Attorneys for Plaintiff JUSTIN JOB, individually and

13

on behalf of others similarly situated.

14

**UNITED STATES FEDERAL DISTRICT COURT FOR THE NORTHERN**

15

**DISTRICT OF CALIFORNIA**

16

17

JUSTIN JOB, on behalf of himself and all
others similarly situated,
            Plaintiff,

18

19

        v.

20

GLOBAL RADAR ACQUISITION, LLC,
d.b.a.  GLOBAL HR RESEARCH, a foreign

21

limited liability company , f.k.a. RADAR
POST CLOSING HOLDING COMPANY,

22

INC. f.k.a., GLOBAL HR RESEARCH, INC.
and DOES 1 through 10, Inclusive,

23

24

            Defendants.

Case No. _____

**CLASS ACTION COMPLAINT FOR:**

**1. Violation of the Fair Credit Reporting Act for Furnishing Consumer Report Without Receiving Required Certifications, 15 U.S.C. § 1681b(b)(1)(A)(i)**

**DEMAND FOR A JURY TRIAL**

25

26

27

28

Class Action Complaint                                    Case No. _____

Plaintiff JUSTIN JOB ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

## I.

## <u>INTRODUCTION</u>

1.      Plaintiff JUSTIN JOB is an individual who at all relevant times resided in San Francisco, California and who submitted an application for employment with Herman Integration Services, LLC ("Herman"), a Florida Limited Liability Company, on or about December 22, 2017.  During the application process, Plaintiff was presented with a form purporting to comply with the Fair Credit Reporting Act ("FCRA") that was drafted, prepared, and provided to Herman by Defendant GLOBAL RADAR ACQUISITION, LLC, d.b.a.  GLOBAL HR RESEARCH, a foreign for-profit corporation, f.k.a. RADAR POST CLOSING HOLDING COMPANY, INC. f.k.a., GLOBAL HR RESEARCH, INC. (collectively referred to hereinafter as "GLOBAL RADAR"). GLOBAL RADAR has substantial business ties to and operations in California.

2.      The GLOBAL RADAR entities are providers of human resource materials and support for hundreds of businesses nationwide and in the State of California.  GLOBAL RADAR also provides credit, consumer and criminal background checks ("consumer reports") and provides such services to companies like Herman.

3.      On December 22, 2017, after Plaintiff was offered employment by Herman by way of an email correspondence, Herman emailed Mr. Job a disclosure and authorization form, that had been prepared and provided to Herman by GLOBAL RADAR.   On that same date, Plaintiff executed and returned the form to Herman.

4.      Specifically, on December 22, 2017, Plaintiff filled out GLOBAL RADAR's standard FCRA form ("standard FCRA form," "FCRA form" or "form") purporting to permit Herman to obtain a consumer report verifying Plaintiff's background and experience. Thereafter, Herman procured from GLOBAL RADAR, and GLOBAL RADAR furnished to Herman, an investigative consumer report and background check regarding Plaintiff.  Upon receiving the report, Herman withdrew Plaintiff's offer of employment and Plaintiff was not hired.

COHELAN KHOURY & SINGER
605 C Street, Suite 200

- 1 -

Class Action Complaint                    Case No. _____

5.      A true and correct copy of GLOBAL RADAR'S standard FCRA form is attached hereto as **Exhibit 1.** GLOBAL RADAR was the entity that prepared the FCRA form and in fact furnished the report to Herman without first receiving the required certifications from Herman.

6.      GLOBAL RADAR'S FCRA form is unlawful on two separate grounds. First, the FCRA form violates the standalone document requirement. Second, the FCRA form violates the "clear and conspicuous disclosure" requirement.

7.      As shown by **Exhibit 1**, the GLOBAL RADAR FCRA form violates the standalone document requirement as expressed in the FCRA because it contains surplusage and extraneous language, including, without limitation, the following:

(a)  The form includes extraneous information related to various misleading and inapplicable state disclosures. 15 U.S.C. §1681 b(b )(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure"); *Gilberg v. California Check Cashing Stores, LLC,* 913 F.3d1169, 1175 (9th Cir. 2019)  (*Gilberg*).

 (b) The form includes extraneous disclosures and authorizations regarding drug use and drug testing, providing as follows: "I further authorize and consent to a drug screen in order to meet their policy regarding a drug free workplace. I understand that it is the current use of illegal drugs that would prohibit me from being employed at this company."

(c) The FCRA form refers to extraneous documents that are not part of the FCRA-mandated disclosure-e.g., a "Notice Regarding Background Investigation" and a "Summary of Your Rights Under the Fair Credit Reporting Act."

8.      GLOBAL RADAR'S FCRA form violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681 b(b )(2)(A)(i) because the disclosure would confuse a reasonable reader. By way of example, the disclosure states: "New York and Maine applicants or employees only: You have the right to inspect and receive a copy of any investigative consumer report requested by the company by contacting the consumer reporting agency identified above directly." A reasonable reader might think that only New York and

COHELAN KHOURY & SINGER
605 C Street, Suite 200

- 2 -

Maine applicants could contact the consumer reporting agency to get a copy of the report. Such an understanding would be contrary to the FCRA. *See* 15 U.S.C. § 1681m(3)-(4);

9.     Since GLOBAL RADAR'S standard FCRA disclosure is non-complaint, Plaintiff was confused regarding the nature of his rights under the FCRA and accordingly did not give valid authorization for Defendants to procure a consumer report in violation of 15 U.S.C. § 1681 b(b)(2)(A)(ii).

10.     Plaintiff now brings this suit as a proposed Class Action on behalf of himself and a proposed class, defined as:

> [a]ll employees and job applicants in the United States who executed GLOBAL
> RADAR'S standard FCRA form and were the subject of a consumer report
> furnished by GLOBAL RADAR for employment purposes that was provided
> without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2) and
> 15 U.S.C. § 1681b(b)(3), within five years of the filing of this complaint through
> the date of final judgment in this action (the "Proposed FCRA class").

## II.

## JURISDICTION AND VENUE

11.     The Court has jurisdiction over Plaintiffs federal claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 of the FCRA.

12.     Venue is proper in this district pursuant to 28 U.S.C. §139l(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.

## THE PARTIES

A.     PLAINTIFF

13.     Plaintiff applied for, was offered, and had an employment offer withdrawn after signing Exhibit 1.

Class Action Complaint                    Case No. _____

COHELAN KHOURY & SINGER
605 C Street, Suite 200

14.    During the application process, Plaintiff completed GLOBAL RADAR'S standard FCRA form on December 22, 2017. On that same day, Herman procured from GLOBAL RADAR and GLOBAL RADAR furnished to Herman an investigative consumer report.

15.    At the time Plaintiff signed the GLOBAL RADAR FCRA form, he did not understand it or understand his rights under the FCRA. Nor was he aware that the form violated the FCRA.

16.    Nonetheless, Defendants secured a consumer report pertaining to Plaintiff.  As a result of the report, Plaintiff was not hired and had his offer of employment rescinded.

    B.    <u>DEFENDANT</u>

17.    Defendants GLOBAL RADAR ACQUISITION, LLC, d.b.a.  GLOBAL HR RESEARCH, a foreign for-profit corporation, f.k.a. RADAR POST CLOSING HOLDING COMPANY, INC. f.k.a., GLOBAL HR RESEARCH, INC., who do business in California, are not registered with the California Secretary of State.   Plaintiff is informed and believes that their principal headquarters is located at 9530 Marketplace Road, Suite 301, Ft. Myers, Florida 33912. Per their website at https://www.ghrr.com/background-checks/, GLOBAL RADAR "provides background checks and verification services for companies and government agencies in search of a screening firm that is compliant and consistent with the Fair Credit Reporting Act, (FCRA)." The website also states:  "With GHRR, your hiring process will be streamlined by our fully automated, web-based screening technology that scales to fit the needs of your business. Developed to handle the HR research needs of companies with as few as 20 employees to international corporations that span the globe. Our representatives can package a screening solution tailored to your company's needs. Our investigators boast a 99% accuracy rate by following a strict Quality Assurance Program, which means that our customers are secured and our information is accurate.  Global HR Research provides a wide-range of screening services that can be customized to fit your needs. We follow all FCRA guidelines and maintains meticulous processes to ensure all results are accurate."

Class Action Complaint                           Case No. _____

COHELAN KHOURY & SINGER
605 C Street, Suite 200

18.     Plaintiff and all other persons similarly situated completed GLOBAL RADAR'S standard FCRA form (**Exhibit 1**), which purported to authorize a user to procure a consumer report from GLOBAL RADAR for employment purposes.

19.     With respect to the events at issue in this case, Defendant is liable for the violations of law described in this Complaint.

20.     Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendant(s).

## IV.

## NATURE OF THE ACTION

21.     The FCRA provides individuals with a number of rights. Specifically, pertaining to employment-related background checks referred to as "consumer reports", the FCRA provides that a prospective employee must give valid written authorization to the background check after receiving a compliant written disclosure.

22.     The FCRA's disclosure and authorization requirements are listed in 15 U.S.C. § 1681b(b)(2)(A). The FCRA's certification requirements are listed in 15 U.S.C. § 1681b(b)(1)(A).

## V.

## FACTUAL ALLEGATIONS

23.     Plaintiff applied to work for Herman in California.

24.     In connection with his employment application, Plaintiff completed GLOBAL RADAR'S  standard FCRA form (**Exhibit 1),** which purports to permit Herman to obtain a consumer report verifying Plaintiff's background and experience.

25.     GLOBAL RADAR'S FCRA form contained extraneous information such as a disclosure and authorization regarding drug testing, as well as misleading and inapplicable state law notices in violation of 15 U.S.C. § 1681b(b)(2)(A)(i)'s "standalone" disclosure and "clear and conspicuous" requirements. *Gilberg,* 913F.3dat1175-76. The offending language in

Class Action Complaint                          Case No. _____

GLOBAL RADAR'S standard FCRA form was contrary to the plain language of the statute, case law, and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

26.    Consequently, Plaintiff was confused regarding the nature of his rights under the FCRA.

27.    Nevertheless, GLOBAL RADAR furnished an investigative consumer report to Herman.

28.    GLOBAL RADAR'S conduct in furnishing an investigative consumer report to Herman without first receiving the certifications of compliance from Herman as required by 15 U.S.C. § 1681b(b)(1)(A)(i) deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. § 1681 b(b)(2)(A). *Syed* v. *M-1, LLC,* 853 F .3d 492, 499 (9th Cir. 2017).

29.    Based on information and belief, Plaintiff alleges that GLOBAL RADAR "willfully" violated the FCRA.

30.    GLOBAL RADAR knew and acted in reckless disregard of the facts that it did not receive the required certifications of compliance and that its standard FCRA form must not contain surplus or extraneous information related to drug testing or misleading, inapplicable state disclosures and must be clear and not likely to confuse a reasonable reader.

## VI.

## <u>CLASS ALLEGATIONS</u>

31.    Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a class defined as follows:

[a]ll employees and job applicants in the United States who executed GLOBAL RADAR'S standard FCRA form and were the subject of a consumer report furnished by GLOBAL RADAR for employment purposes that was provided without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2) and

15 U.S.C. § 1681b(b)(3), within five years of the filing of this complaint through the date of final judgment in this action (the "Proposed FCRA class").

32.     Plaintiff reserves the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues, including in the alternative, certification without notice as a single legal issue under F.R.C.P. Rule 23(b)(2) and/or Rule 23(c)(4). Plaintiff also reserves the right to allege subclasses as appropriate following discovery procedures.

33.     This class action on behalf of members of the Proposed Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23( a) and 23(b)(3) of the F.R.C.P.

A.     Numerosity

34.     The Proposed Class is so numerous that joinder of all class members is impracticable.  Plaintiff is informed and believes that GLOBAL RADAR, without receiving the certifications required by 15 U.S.C. § 1681b(b)(1)(A)(i), used the same or substantially identical defective FCRA form for thousands of job applicants in furnishing consumer reports and background checks throughout the United States and in the State of California during the applicable limitations period.

35.     While the precise number of members of the Proposed Class has not been determined at this time, Plaintiff is informed and believes that GLOBAL RADAR, during the relevant period, furnished reports for employment purposes based on the defective FCRA form in connection with more than  1,000 consumers.  Each of these potential class members are readily ascertainable through examination of GLOBAL RADAR's records.

36.     Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Class with a last known mailing address such that constitutional notice of the action and opportunity to opt-out of the action can be provided by U.S. Mail.

Class Action Complaint                              Case No. _____

COHELAN KHOURY & SINGER
605 C Street, Suite 200

B.    <u>Commonality</u>

37.    There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

   a.    Whether GLOBAL RADAR furnishes consumer reports for employment purposes without receiving the certifications required by 15 U.S.C.§ 1681 b(b)(1)(A)(i);

   b.    Whether the GLOBAL RADAR standard FCRA form (**Exhibit 1**) meets 15 U.S.C. §1681b(b)(2)(A)(i)'s "clear and conspicuous disclosure" requirement.

   b.    Whether the GLOBAL RADAR standard FCRA form (**Exhibit 1**) is "in a document that consists solely of the disclosure" (15 U.S.C.§ 1681b(b)(2)(A)(i) );

   d.    Whether GLOBAL RADAR "willfully" violated the FCRA pursuant to 15 U.S.C. §1681n.

C.    <u>Typicality</u>

38. The claims of the named Plaintiff are typical of the claims of the members of the Proposed Class.

39. Plaintiff is a member of the Proposed Class. Plaintiff was job applicant who filled out GLOBAL RADAR'S standard FCRA form (Exhibit 1) during his application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed California Class. Plaintiff suffered the same injuries and seeks the same relief as members of both proposed classes.

D.    <u>Adequacy of Representation</u>

40.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Class.

41.    Counsel for Plaintiff are competent and experienced in litigation of large complex consumer and wage and hour class actions.

Class Action Complaint       Case No. _____

COHELAN KHOURY & SINGER
605 C Street, Suite 200

E.    <u>Predominance and Superiority of a Class Action</u>

42.    A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members.

43.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

44.    Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Classes to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by GLOBAL RADAR'S unlawful practices to effectively pursue recovery of the sums owed to them.

**VI.**

**FIRST CAUSE OF ACTION**

**FOR FURNISHING CONSUMER REPORT WITHOUT**

**RECEIVING CERTIFICATIONS REQUIRED BY FCRA**

**[15 U.S.C. § 1681b(b)(1)(A)(i)]**

**(By Plaintiff And All Members Of The Proposed Class Against All Defendants)**

45.    Plaintiff, and the other members of the Proposed Class, re-allege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

46. The FCRA at 15 U.S.C. § 1681b(b)(1)(A)(i) provides as follows:

Class Action Complaint                                    Case No. _____

COHELAN KHOURY & SINGER
605 C Street, Suite 200

"(b) Conditions for furnishing and using consumer reports for employment purposes

(1) CERTIFICATION FROM USER  A consumer reporting agency may furnish a consumer report for employment purposes only if—

(A) the person who obtains such report from the agency certifies to the agency that—

(i) the person has complied with paragraph (2) with respect to the consumer report…"

47.    As such, it is unlawful to furnish an investigative consumer report for employment purposes without first obtaining certifications of compliance from the procurer of the report. In particular, the procurer must certify that

(i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) and 1681b(b)(1)(A)(i).

48. Herman did not certify to GLOBAL RADAR that it had complied with 15 U.S.C. § 1681b(b)(2).  Herman did not comply with 15 U.S.C. § 1681b(b)(2) because Herman did not make the disclosures to Plaintiff and the other members of the Proposed Class in a standalone document, and because and the disclosures were not clear insofar as they were likely to confuse a reasonable reader.

49.    GLOBAL RADAR provided Herman and other employers with its standard FCRA form, intending that Herman and other employers would provide this form to job applicants before procuring investigative consumer reports regarding those applicants from

COHELAN KHOURY & SINGER
605 C Street, Suite 200

GLOBAL RADAR.  GLOBAL RADAR'S standard FCRA form is unlawful on two separate grounds.

50.     First, GLOBAL RADAR'S standard FCRA form violates the "standalone" disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure") because Defendant's FCRA disclosure contains a disclosure and authorization for drug testing and because it combines both federal and state disclosures, including misleading and inapplicable out of state disclosures, among other extraneous and irrelevant information. *Gilberg,* 913 F.3d at 1175.

51.     Second, Defendant's FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681b(b)(2)(A)(i). The FCRA disclosure is unclear, as it would "confuse a reasonable reader because it combines federal and state disclosures," *Gilberg,* 913 F.3d at 1176, including misleading and inapplicable out of state disclosures.

52.     The violations of the FCRA were willful based on the clear statutory text, case law guidance, and regulatory guidance. The statutory text of the standalone requirement is straightforward. The word "solely" in subsection (i) and the one express exception in subsection (ii), which allows the authorization to be on the same document as the disclosure, shows that "the FCRA should not be read to have implied exceptions[.]" *Gilberg,* 913 F.3d at 1175 (citing to *Syed,* 853 F.3d at 501-03).

53.     GLOBAL RADAR also had specific case law to provide guidance. *See Gilberg,* 913 F.3d at 1175 ("*Syed's* holding and statutory analysis were not limited to liability waivers; *Syed* considered the standalone requirement with regard to *any surplusage*") (citing to *Syed*, 853 F.3d at 501) (emphasis added).

54.     Lastly, informal guidance from the FTC is unambiguous that no extraneous information should be included in the FCRA disclosure. *See* FTC, Opinion Letter, 1997 WL 33791227, at *1 (Oct. 21, 1997) ("[The] document should include nothing more than the disclosure and the authorization for obtaining a consumer report."); FTC, Opinion Letter, 1998 WL 34323748, at *2 (Feb. 11, 1998) (disclosure may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information"); FTC,

Class Action Complaint                    Case No. _____

COHELAN KHOURY & SINGER
605 C Street, Suite 200

1    Opinion Letter, 1998 WL 34323756, at *l (June 12, 1998) (inclusion of a waiver in a disclosure

2    form violates Section 1681 b(b )(2)(A)).

3        55.    In addition, GLOBAL RADAR'S conduct in furnishing the report was willful

4    because (i) GLOBAL RADAR knew it was furnishing the reports without receiving the required

5    certifications, (ii) GLOBAL RADAR, having drafted its standard FCRA form, knew the forms

6    it provided violated the standalone document requirement and the clear and conspicuous

7    disclosure requirement.

8        56.    Plaintiff and all other members of the Proposed Class are entitled to statutory

9    damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA,

10   pursuant to 15 U.S.C. § 168ln(a)(l)(A).

11       57.    Plaintiff and all other members of the Proposed Class are also entitled to punitive

12   damages for these willful violations, pursuant to 15U.S.C.§168ln(a)(2).

13       58.    Plaintiff and all other members of the Proposed FCRA Class are further entitled

14   to recover their costs and attorneys' fees, pursuant to 15 U.S.C.§168ln(a)(3).

15                          **PRAYER FOR RELIEF**

16       WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and

17   severally, as follows:

18   1.    On behalf of the Proposed Class:

19       A)    That the Court certify the First Cause of Action asserted by the Proposed Class as

20           a Class Action pursuant to Fed. R. Civ. Proc. 23(b )(2) and/or (3);

21       B)    A determination and judgment that Defendants willfully violated 15 U.S.C. §

22           1681(b)(1)(A)(i) of the FCRA;

23       C)    Pursuant to 15 U.S.C. § 1681n(a)(l)(A), an award of statutory damages to Plaintiff

24           and all other members of the Proposed Class in an amount equal to $1,000 for

25           Plaintiff and all other members of the Proposed FCRA Class for each willful

26           violation of the FCRA;

27       D)    Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff

28           and all other members of the Proposed Class; and,

COHELAN KHOURY & SINGER
605 C Street, Suite 200

- 12 -

Class Action Complaint                     Case No. _____

E)    An award for costs of suit and reasonable attorneys' fees pursuant to 15
U.S.C. § 1681n(a)(3).

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated:  May 13, 2019                    **COHELAN KHOURY & SINGER**
                                        **THE LAW OFFICE OF IAN PANCER**


By:_____
        Michael D. Singer, Esq.
        J. Jason Hill, Esq.
Attorneys for Plaintiff JUSTIN JOB on
behalf of himself and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200

- 13 -

Class Action Complaint                          Case No. _____

# EXHIBIT 1

**NOTICE AND ACKNOWLEDGMENT**
[IMPORTANT -- PLEASE READ CAREFULLY BEFORE SIGNING ACKNOWLEDGMENT]
**NOTICE REGARDING BACKGROUND INVESTIGATION**

Employer ("the Company") may obtain information about you from a consumer reporting agency for employment purposes. Thus, you may be the subject of a "consumer report" and/or an "investigative consumer report" which may include information about your character, general reputation, personal characteristics, and/or mode of living, and which can involve personal interviews with sources such as your neighbors, friends, or associates. These reports may be obtained at any time after receipt of your authorization and, if you are hired, throughout your employment. Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying. You have the right, upon written request made within a reasonable time after receipt of this notice, to request disclosure of the nature and scope of any investigative consumer report. Please be advised that the nature and scope of the most common form of investigative consumer report obtained with regard to applicants for employment is an investigation into your education and/or employment history conducted by Global HR Research, 9530 Marketplace Rd. Ste. 301. Ft. Myers FL, 33912, Office: (239) 274-0048, Toll Free: 1-800-790-1205, website: www.globalhrresearch.com or another outside organization. The scope of this notice and authorization is all-encompassing, however, allowing Employer to obtain from any outside organization all manner of consumer reports and investigative consumer reports now and, if you are hired, throughout the course of your employment to the extent permitted by law. As a result, you should carefully consider whether to exercise your right to request disclosure of the nature and scope of any investigative consumer report.

---

New York and Maine applicants or employees only: You have the right to inspect and receive a copy of any investigative consumer report requested by the Company by contacting the consumer reporting agency identified above directly. You may also contact the Company to request the name, address and telephone number of the nearest unit of the consumer reporting agency designated to handle inquiries, which the Company shall provide within 5 days.

---

New York applicants or employees only: Upon request, you will be informed whether or not a consumer report was requested by the Company, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report.

---

Oregon applicants or employees only: Information describing your rights under federal and Oregon law regarding consumer identity theft protection, the storage and disposal of your credit information, and remedies available should you suspect or find that the Company has not maintained secured records is available to you upon request.

Washington State applicants or employees only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

---

**ACKNOWLEDGMENT AND AUTHORIZATION**

I acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION and A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT and certify that I have read and understand both of those documents. I hereby authorize the obtaining of "consumer reports" and/or "investigative consumer reports" at any time after receipt of this authorization and, if I am hired, throughout my employment. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information requested by Global HR Research, another outside organization acting on behalf of Employer, and/or Employer itself. I agree that a facsimile ("fax"), electronic or photographic copy of this Authorization shall be as valid as the original.

I further authorize and consent to a drug screen in order to meet their policy regarding a drug free workplace. I understand that it is the current use of illegal drugs that would prohibit me from being employed at this company.

---

Minnesota and Oklahoma applicants or employees only: Please check this box if you would like to receive a copy of a consumer report if one is obtained by the Company. ☐

---

California applicants or employees only: By signing below, you also acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION PURSUANT TO CALIFORNIA LAW. Please check this box if you would like to receive a copy of an investigative consumer report or consumer credit report if one is obtained by the Company at no charge whenever you have a right to receive such a copy under California law. ☐

---

_____        _____
DATE        PRINT NAME

        _____
        SIGNATURE OF EMPLOYEE OR PROSPECTIVE EMPLOYEE

        _____
        SOCIAL SECURITY NUMBER

        _____
        Date of Birth (For Background Purposes Only)

        _____
        Driver License Number                State

Current Address:
_____

Previous Addresses (Last 7 years):
_____

_____

Any other names I have been known by (including maiden name):

_____